# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CAROL L. HOOSIER, DEPENDENT OF RONNIE G. HOOSIER (DECEASED),**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-495**       (JCN: 770050419)

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**APOGEE COAL COMPANY,**
**Employer Below, Respondent**

**and**

**OFFICES OF THE INSURANCE COMMISSIONER OF WEST VIRGINIA IN ITS OFFICIAL CAPACITY AS THE ADMINISTRATOR OF THE OLD FUND,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Carol L. Hoosier, Dependent of Ronnie G. Hoosier (Deceased), appeals the October 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Offices of the Insurance Commissioner in its capacity as administrator of the Old Fund ("Old Fund") filed a response.[1] Ms. Hoosier did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claimant's application for fatal dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, in part, and vacated and remanded, in part, for further proceedings consistent with this decision.

The decedent, Ronnie G. Hoosier, was employed by Apogee Coal Company from 1973 until 1977. Mr. Hoosier had two workers' compensation claims during his lifetime, one for a leg injury and the other for occupational pneumoconiosis ("OP"). Mr. Hoosier was granted permanent total disability ("PTD") benefits as a result of these claims. In 2016,

---

[1] Ms. Hoosier is represented by Donald C. Wandling, Esq. Old Fund is represented by James W. Heslep, Esq. Apogee Coal Company did not appear.

1

Mr. Hoosier was diagnosed with invasive adenocarcinoma of the lung. In 2018, Mr. Hoosier underwent a U.S. Department of Labor Medical History and Examination for Coal Mine Workers' Pneumoconiosis completed by J. Randolph Forehand, M.D. Dr. Forehand diagnosed Mr. Hoosier with obstructive lung disease and pneumoconiosis and noted a history of lung cancer, pneumonia, and pleurisy.

On November 12, 2019, Mr. Hoosier underwent a CT scan, revealing bilateral ground glass pulmonary opacities. On December 5, 2019, Mr. Hoosier was seen by Phillip Cox, M.D. Dr. Cox noted that Mr. Hoosier was on continuous oxygen and complained of shortness of breath, cough, chest pain, chest tightness, and weakness. Dr. Phillips assessed chronic obstructive pulmonary disease ("COPD"), coronary artery disease, congestive heart failure, cough, diabetes mellitus, exertional dyspnea, history of deep vein thrombosis, history of pulmonary embolism, lung nodule, malignant neoplasm of lower lobe of right lung, pleural effusion, restrictive lung disease, tobacco abuse in remission, chronic respiratory failure with hypoxia, and coal workers' pneumoconiosis.

Mr. Hoosier died on February 3, 2020. Fahad F. Bafakih, M.D., authored a pathology report dated February 4, 2020. The report indicated diagnoses of simple coal workers' pneumoconiosis, bilateral pulmonary embolism involving the distal vasculature, moderately differentiated tumor deposits involving the right lung lower lobe, and clinical history of invasive lung adenocarcinoma in the right lower lobe. Dr. Bafakih opined that these diagnoses contributed to Mr. Hoosier's death. Mr. Hoosier's death certificate dated February 25, 2020, indicated that the causes of death were adenocarcinoma of the lung, COPD, and atherosclerotic cardiovascular disease.

Carol Hoosier filed an Application for Fatal Dependents' Benefits dated December 31, 2021. Ms. Hoosier alleges that the application she filed did not contain a claim number, but that she indicated that the basis of the claim was that OP was a contributing factor in Mr. Hoosier's death. Ms. Hoosier further alleges that the claim administrator arbitrarily assigned the application to Mr. Hoosier's leg injury claim rather than the OP claim.

On February 7, 2022, Akshay Sood, M.D., authored a report in which he opined that Mr. Hoosier's coal workers' pneumoconiosis was a substantial contributing factor to his death. George Zaldivar, M.D., drafted a report dated April 29, 2023. Dr. Zaldivar opined that Mr. Hoosiers' death was due to pulmonary emboli and cancer, not OP.

By order dated August 4, 2023, the Board noted that the "evidence submitted by the parties does not address the issue of whether the leg fracture contributed to Mr. Hoosier's death." The Board also noted that the parties' evidence addressed whether OP contributed to Mr. Hoosier's death, yet the claim administrator's order denying dependent benefits indicated that Mr. Hoosier's death was not related to the compensable leg fracture. The Board cited West Virginia Code § 23-4-8c (2009), which provides:

2

The Occupational Pneumoconiosis Board . . . . shall make its written report . . . . of its findings and conclusions on every medical question in controversy and the board shall send one copy of the report to the employee or claimant and one copy to the employer. The board shall also return to and file . . . . all the evidence as well as all statements under oath, if any, of the persons who appeared before it on behalf of the employee or claimant, or employer, and also all medical reports and X-ray examinations produced by or on behalf of the employee or claimant, or employer.

The Board noted that it appeared the matter needed to be scheduled for a hearing before the OP Board. However, the Board ordered the parties to provide it with position statements addressing this issue within twenty days from the date of the order. In response, Ms. Hoosier filed a position statement on August 17, 2023, in which she noted that the evidence submitted concerned whether OP was a material contributing factor to her husband's death. Further, she noted that pursuant to West Virginia Code § 23-4-8c and the Supreme Court of Appeals of West Virginia's ruling in *Parker v. WCC*, 174 W.Va. 181, 324 S.E.142 (W. Va. Dec. 14, 1984), where a claim for dependents' benefits is filed by a dependent of a deceased employee with an OP claim, it must be referred to the OP Board if the exposure requirements have been met. Ms. Hoosier concluded that the matter must be referred to the OP Board for its review and opinion before the Board may issue its decision.

On October 12, 2023, the Board affirmed the claim administrator's order rejecting Ms. Hoosier's application for fatal dependents' benefits, finding that the claim was filed under a prior leg injury claim and the leg injury did not materially contribute to Mr. Hoosier's death. The Board made a finding that the claim administrator's order of May 11, 2022, indicated that Ms. Hoosier filed for benefits in Mr. Hoosier's claim for a leg injury. However, the Board noted in its Findings of Fact that the application for fatal dependents' benefits was not of record. Ms. Hoosier now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;

3

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Hoosier argues that the application for dependents' benefits did not contain a reference to a claim number, but the claim was clearly based on OP being a contributing factor to the cause of death and the claim administrator arbitrarily assigned the application for benefits to a leg injury claim rather than the appropriate OP claim. We agree.

Here, the Board analyzed Ms. Hoosier's eligibility for fatal dependents' benefits under Mr. Hoosier's leg injury claim and found that his leg injury did not materially contribute to his death. Thus, the Board affirmed the rejection of Ms. Hoosier's application for fatal dependents' benefits.

Upon review, we find that the Board was clearly wrong in analyzing this claim under Mr. Hoosier's leg injury claim, rather than the OP claim. We find that the record clearly shows that Ms. Hoosier did not add a claim number to her application for benefits and the application was then arbitrarily assigned to a leg injury claim rather than the appropriate OP claim. We note that Old Fund failed to refute that assertion.

Further, regardless of the issue of the claim number on the application, we find that the Board's affirmation of the rejection of Ms. Hoosier's claim for fatal dependents' benefits amounts to a denial of benefits on a technicality. We find that there is enough evidence indicating that Ms. Hoosier intended to file her application for fatal dependents benefits under Mr. Hoosier's OP claim. We note that Old Fund's main argument in front of the Board was that OP did not materially contribute to Mr. Hoosier's death rather than arguing that this claim for fatal dependents benefits was inappropriately filed under a leg injury claim. The record indicates that both parties thought the application for benefits was appropriately filed under Mr. Hoosier's OP claim prior to the Board finding otherwise.

West Virginia Code § 23-5-13a (2021) provides, "It is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workers or their dependents on technicalities." Further, the Supreme Court of Appeals of West Virginia has noted that, "[a]lthough the rules and regulations governing the workers' compensation system in this state are necessarily detailed and complex, we must be careful to prevent those deserving of compensation from being thwarted by technicalities or procedural niceties..." *Martin v. Workers' Comp. Div.*, 210 W. Va. 270, 275, 557 S.E.2d 324, 329 (2001).

Thus, we vacate the Board's order insofar as it affirms the rejection of Ms. Hoosier's application for fatal dependent's benefits and remand the case to the Board with directions to issue an order making appropriate findings of fact and conclusions of law as to the non-medical issue of Ms. Hoosier's eligibility for fatal dependents benefits under Mr. Hoosier's OP claim. If it is not possible to do so based upon the record, the Board may hold a new hearing and allow the parties to submit additional evidence.

West Virginia Code § 23-4-10(e) (2010) provides:

> If a person receiving permanent total disability benefits dies from a cause other than a disabling injury leaving any dependents as defined in subdivision (d) of this section, an award shall be made to the dependents in an amount equal to one hundred four times the weekly benefit the worker was receiving at the time of his or her death and be paid either as a lump sum or in periodic payments, at the option of the dependent or dependents.

This Court noted in *W. Va. Offices of the Ins. Comm'r, in its Capacity as Administrator of the Old Fund v. Jarrell*, No. 23-ICA-168, 2023 WL 7203360 (Ct. App. Nov. 1, 2023), that dependents are automatically entitled to benefits under West Virginia Code 23-4-10(e).

The Board's order does not specifically address Ms. Hoosier's application for 104 weeks benefits, and it is unclear from the record whether that application was rejected. However, we find that Ms. Hoosier is entitled to 104 weeks of dependents benefits under West Virginia Code § 23-4-10(e). Thus, we reverse the Board's order insofar as it affirms the rejection of Ms. Hoosier's application for 104 weeks benefits.

Accordingly, we reverse, in part, and vacate and remand, in part the Board's October 12, 2023, order, for further proceedings consistent with this decision.

Reversed, in part, and
Vacated and Remanded, in part.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

5